### HODGES v. RICHARDS.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

MALICIOUS PROSECUTION—NONSUIT.

    In an action for malicious prosecution, where the evidence was conflicting as to the want of probable cause, and the jury might have inferred therefrom that defendant was rash and passionate in causing plaintiff's arrest, and did so for the purpose of forcing him to a settlement of money matters, it was error to grant a nonsuit.

Appeal from circuit court, Saratoga county.

Action by Edward A. Hodges against Stephen H. Richards. From a judgment of nonsuit, plaintiff appeals. Reversed.

The action was for malicious prosecution, in that the defendant had in a former action in this court sued the plaintiff, charging him with receiving moneys as agent of the plaintiff in a fiduciary capacity, and converting them to his own use, and in causing the defendant to be arrested upon a warrant issued in said action for the same cause. That action was tried by the court, without a jury, and resulted in a judgment for this plaintiff, the trial court finding in its decision as follows: "In August, 1895, the parties to this action entered into an agreement in and by which the defendant was to procure orders for the sale and delivery of coal, and make collections therefor, for the plaintiff; and, in consideration thereof, the plaintiff agreed to pay to the defendant a reasonable compensation for his services. That thereafter, and in pursuance of such agreement, the defendant procured orders for the sale and delivery of a large amount of coal, and made collections therefor. That, under the terms of the agreement as originally made or thereafter modified, the defendant had the right to retain a portion of the moneys collected for his compensation; and out of the moneys collected, he did retain a portion, but not more than he was entitled to under the agreement. That the defendant has no moneys belonging to the plaintiff which he collected or received in a fiduciary capacity, as alleged in the complaint in this action; and the defendant is entitled to judgment against the plaintiff for his costs." Thereupon this action was brought, and, upon the close of the testimony, the court directed this plaintiff to be nonsuited, holding that he had failed to show a lack of probable cause; that the defendant had the right to assume that the plaintiff had acted as his agent, and collected the money as agent, and had not paid as much over to plaintiff as he ought to have done. The court refused to submit the case to the jury upon the question of probable cause, and the plaintiff excepted.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Winsor B. French, for appellant.
C. S. Lester, for respondent.

LANDON, J. The judgment in the first action is conclusive upon two points: (1) That this defendant had no cause of action against the plaintiff; (2) that he had no real ground to cause the plaintiff's arrest. Presumptively, the defendant acted in good faith, and therefore the plaintiff here had to show want of probable cause. Whether there was evidence touching that question was for the trial court to decide.

If so, and if susceptible of an inference either way, it was for the jury to draw the proper inference, unless there was such a lack of evidence in support of a want of probable cause that a verdict for the plaintiff should not stand.   Anderson v. How, 116 N. Y. 348, 22 N. E. 695.

The testimony upon this trial was to the effect that the plaintiff, as agent or broker for the defendant, who was a coal dealer, procured various orders for coal to be filled by the defendant under a contract for a reasonable compensation therefor, and that he collected several of these bills, and paid over the money to the defendant thereon, except as to a few of the bills, the amount of which he retained, and had, as the court held in the first action, the right to retain, as compensation for his services.   The plaintiff procured some orders upon which the defendant was unwilling to allow commissions, because they were from his regular customers, and some orders that the defendant did not fill, because he was under the impression that the plaintiff had retained money which he ought to have paid over.   The plaintiff wanted 25 cents per ton for the orders he procured, and 5 per cent. for the money he collected; the defendant thought 12½ cents per ton for the orders was enough, and that no charge should be made for collections. · Thus differences arose between the parties.   The evidence is conflicting as to the defendant's knowledge of the amount of the orders obtained by the plaintiff.   The defendant had the impression that the plaintiff was withholding moneys he ought to pay over.   How far that was the plaintiff's fault or his own depends upon the inferences to be drawn from conflicting testimony.   There was no evidence that this plaintiff was not responsible, or that he rendered a false account, and the former judgment is conclusive that he did not wrongfully retain any money.

We cannot say that the jury might not infer that the defendant, in prosecuting the plaintiff, and in causing his arrest, was rash, hasty, and passionate, and that he did so to force him to a settlement upon his own terms, right or wrong.   Probable cause is defined as such a state of facts and circumstances as would lead a man of ordinary prudence, acting conscientiously, impartially, reasonably, and without prejudice upon the facts within his knowledge, to believe that the person accused is guilty.   Heyne v. Blair, 62 N. Y. 12, 22.   We think the evidence bore upon just that test.   Whether under it the defendant was in fault was a question for the jury.   Whether, if the facts had been as charged by the defendant, an order for arrest should have been granted, we need not say, because, as the facts actually were, he was not entitled to such an order, and because the evidence will not justify the finding that he knew that the facts charged by him did not entitle him to the order.   Whether they did was for the judge to decide to whom he applied for the order.   No motion was made to vacate.   Because of the order, the charge here is not false imprisonment, but malicious prosecution; that is, the malicious and inexcusable use of legal process to plaintiff's injury.   If the defendant had probable cause, he was excusable; otherwise, not.   The evidence bore upon that question, and the jury should have been permitted to solve it.

Judgment reversed, new trial granted, costs to abide the event.   All concur.